# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 6, 2012          Decided January 15, 2013

No. 10-5334

WILLIAM G. MOORE, JR. AND BLANCHE K. MOORE,
APPELLEES

v.

MICHAEL HARTMAN, ET AL.,
APPELLANTS

ANTONIO SANTOS,
APPELLEE

PAMELA JEAN SOTHAN-ROBBINS,
APPELLANT

UNITED STATES OF AMERICA,
APPELLEE

———

On Remand from the U.S. Supreme Court

———

*Catherine Y. Hancock*, Attorney, U.S. Department of Justice, argued the cause for appellants. With her on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, *Ronald C. Machen Jr.*, U.S. Attorney, and *Barbara L. Herwig*, Attorney. *Michael P. Abate* and *Richard Montague*, Attorneys, U.S. Department of Justice, entered appearances.

2

*Paul Michael Pohl* argued the cause for appellees. With him on the briefs were *Christian G. Vergonis* and *Charles T. Kotuby*, *Jr.*

Before: ROGERS, TATEL and KAVANAUGH, *Circuit Judges.*

Opinion for the Court filed PER CURIAM.

Dissenting opinion filed by *Circuit Judge* KAVANAUGH.

PER CURIAM: The Supreme Court has directed this court to determine whether our decision in *Moore v. Hartman*, 644 F.3d 415 (D.C. Cir. 2011) ("*Moore V*"), holding that "probable cause is not an element of the First Amendment right allegedly violated" in a retaliatory prosecution suit, *id.* at 423, remains good law in light of *Reichle v. Howard*, 132 S. Ct. 2088 (2012). There, in examining whether the law governing retaliatory *arrest* claims was clearly established *in the Tenth Circuit* in 2006, the Court expressly declined to decide whether the absence-of-probable-cause requirement identified in *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006), is "best read as defining the scope of the First Amendment right or as simply establishing a prerequisite for recovery." *Reichle*, 132 S. Ct. at 2096 n.6. Instead, the Court hinged its decision in *Reichle* on the fact that *Hartman* unsettled Tenth Circuit precedent that had conflated retaliatory arrest *and* retaliatory prosecution claims. *See id.* at 2094–96. Because it was uncertain whether the Tenth Circuit's retaliatory arrest law remained clearly established, the defendants in *Reichle* were entitled to qualified immunity. The Court in *Reichle* was thus agnostic on the issue central to our holding in *Moore V*.

Because retaliatory arrest and retaliatory prosecution are distinct constitutional violations and because the precedent in *this* Circuit clearly established in 1988, when the challenged

conduct by the Postal Inspectors took place, the contours of the First Amendment right to be free from retaliatory prosecution, nothing in *Reichle* changes our conclusion that the absence-of-probable-cause requirement is not "an element of a First Amendment retaliation violation." *Moore V*, 644 F.3d at 424. If the Postal Inspectors believe that the Court in *Reichle* meant to decide what it refused to decide in *Hartman* and bring to a halt this three decades old case involving evidence that, unlike in *Reichle* where probable cause was conceded, "comes close to the proverbial smoking gun," *Moore v. Hartman*, 388 F.3d 871, 884 (D.C. Cir. 2004) ("*Moore III*"), they are free to once again petition for certiorari and ask the Supreme Court if it wishes to end this saga.

KAVANAUGH, *Circuit Judge*, dissenting:  In its recent decision in *Reichle v. Howards*, 132 S. Ct. 2088 (2012), the Supreme Court indicated that it is not clear whether the absence-of-probable-cause requirement identified in *Hartman v. Moore*, 547 U.S. 250, 252 (2006), is "best read as defining the scope of the First Amendment right or as simply establishing a prerequisite for recovery." *Reichle*, 132 S. Ct. at 2096 n.6.  Because the First Amendment law on this point is not clear, the defendants in this case cannot be said to have violated "clearly established" First Amendment law. Therefore, the defendants are entitled to qualified immunity, and the suit may not proceed.  I respectfully dissent.